IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | |
| | § | 2:12-CR-819 |
| AURELIO ZARATE-LOPEZ, | § | (2:14-CV-94) |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Defendant Aurelio Zarate-Lopez' motion to dismiss the indictment for lack of jurisdiction. The Court notified Zarate-Lopez that his motion would be recharacterized as one pursuant to 28 U.S.C. § 2255. Zarate-Lopez did not respond. For the reasons stated, the Court dismisses the motion and denies him a certificate of appealability.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Zarate-Lopez was convicted after his guilty plea to transportation of an undocumented alien within the United States pursuant to a plea agreement. (D.E. 28). He was sentenced to 21 months imprisonment in March 2013, to be followed by 3 years supervised release. (*Id.*). He did not appeal.

Zarate-Lopez was subsequently arrested for violations of the terms of his supervised release and was sentenced to 8 months imprisonment to be followed by 16 months supervised release in Cause No. 5:09-cr-108. (D.E. 44). He did not appeal. Zarate-Lopez instead filed his present motion seeking to have his indictment

dismissed. (D.E. 30). The Court issued an Order recharacterizing the motion on March 26, 2014, but Zarate-Lopez did not respond. (D.E. 37).[1]

### III. MOVANT'S CLAIMS

Zarate-Lopez styled his motion as a motion to dismiss the indictment for lack of exclusive legislative and subject matter jurisdiction. He claims the federal government infringed on Texas sovereignty and that the federal government only has jurisdiction over crimes that occur in federal enclaves if the federal government also proves that the state ceded exclusive jurisdiction to the federal government.

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.    Claim the District Court Lacked Jurisdiction**

Federal courts are courts of limited jurisdiction. Zarate-Lopez must have statutory authority for the filing of his motion. He relies upon Rule 12(b)(1) of the Federal Rules of Civil Procedure, but the Rules of Civil Procedure do not apply to his underlying criminal proceedings. The Rules of Civil Procedure are limited to civil

---

[1] Zarate-Lopez filed an appeal with the Fifth Circuit Court of Appeals that was erroneously docketed in this case instead of in another of his actions. (D.E. 31). The Fifth Circuit ultimately dismissed the appeal on August 19, 2014, on the grounds that there was no final judgment at that time from which Zarate-Lopez could appeal. (D.E. 49).

actions. Fed. R. Civ. P. 1; *United States v. Walter*, 426 Fed. App'x. 239, 240 (5th Cir. Mar. 15, 2011) (per curiam) (designated unpublished); *United States v. Jaimes-Jurado*, 254 Fed. App'x. 341, 342 (5th Cir. Nov. 13, 2007) (per curiam) (designated unpublished) (the "Federal Rules of Civil Procedure do not apply to criminal cases.").

Section 2255 provides the only statutory basis for this Court to consider Zarate-Lopez' attack on the jurisdiction of this Court during his original criminal proceedings. Despite Zarate-Lopez' objection, this Court must consider his motion to be one pursuant to § 2255, or the Court must dismiss the motion for lack of jurisdiction. *See United States v. Bledsoe*, 2013 WL 62122608 at *1 (5th Cir., Nov. 29, 2013) (per curiam) (designated unpublished).

The district courts of the United States have jurisdiction over persons charged with violation of federal law, even if the same conduct also violates state law. *See* 18 U.S.C. § 3231;[2] *see also United States v. Perea*, 413 F.2d 65, 67 (10th Cir. 1969) (18 U.S.C. § 3231 lodges original jurisdiction of all offenses against the United States in the district courts... Subject matter jurisdiction was vested in the district courts upon the filing of the indictment."); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992); *United States v. Richardson*, 2010 WL 4873669 at *1 (S.D. Tex., Nov. 23, 2010) (designated unpublished) ("The Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving the federal district courts subject matter jurisdiction over 'all offenses against the laws of the United States.'").

Although Zarate-Lopez also challenges "legislative jurisdiction," which the Court interprets to mean the power of Congress to make criminal law, he cites as authority 40 U.S.C. § 255.[3] That provision is now found at 40 U.S.C. § 3111 and relates to the

---

[2] The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

*Id.*

[3] Section 255 was enacted in 1930 and amended in 1970. Pub. L. 91-393, § 1, 84 Stat. 835.

approval of title to real property by the Attorney General before the United States acquires land. Section 3111 does not limit Congressional authority to enact criminal laws.

Zarate-Lopez further relies on Article I, Section 8, clause 17 of the Constitution of the United States as support for his challenge to the jurisdiction of the district court. That clause states,

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;--And

*Id.*

Clause 17 refers to the District of Columbia and does not limit the power of the Congress to enact criminal laws. Clause 18 of that same section, the necessary and proper clause, grants to Congress the authority to make all laws which shall be necessary and proper for carrying into execution all of the powers vested by the Constitution in the government of the United States. Additionally, clause 9 of Article I, § 8, authorizes Congress to establish the lower federal courts and to regulate the conduct of those courts. *Willy v. Coastal Corp.*, 503 U.S. 131, 136 (1992). The Constitution of the United States grants to Congress the authority to enact the laws off the United States and to create the federal lower court system to adjudicate claims that those laws were infringed. Zarate-Lopez' challenge to this Court's jurisdiction over him is unfounded.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Zarate-Lopez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Zarate-Lopez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the reasons set forth herein, Zarate-Lopez' claim that this Court did not have jurisdiction over his criminal conduct is DISMISSED, his construed motion to vacate, set aside or correct judgment pursuant to § 2255 (D.E. 30) is DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and he is DENIED a Certificate of Appealability.

It is so **ORDERED**.

SIGNED this ___ day of _____, 2014.

Hilda G. Tagle
Senior United States District Judge